IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION DENNIS MURRAY, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | CV 109-133 |
| | ) | |
| BRUCE CHATMAN; WARDEN'S | ) | |
| AGENCIES; ALL OPPOSING COUNSEL | ) | |
| AT LAW, PARTIES, OR AT BAR; THE | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF GEORGIA; and UNITED STATES,[2] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Autry State Prison, in Pelham, Georgia,

---

[1] As explained in further detail below, while this case was filed as a habeas corpus petition brought pursuant to 28 U.S.C. § 2254, the Court has construed it as a civil rights action for several reasons. To begin, nowhere in the initial filing does Plaintiff reference or provide any details about a state court conviction, other than to briefly mention on one page that his Fourth, Fifth, and Sixth Amendment rights have been violated. (See doc. no. 1, p. 7). Moreover, at the same time Plaintiff filed this instant petition, he also filed an action pursuant to, inter alia, 42 U.S.C. § 1983, see Murray v. Chatman, CV 109-134 (S.D. Ga. Oct. 29, 2009) (hereinafter "CV 109-134"), and has attached the same documents to his complaint in CV 109-134 that he has attached to his petition in the instant case. (See doc. no. 1, pp. 11-23); see also CV 109-134, doc. no. 1, pp. 8-20. In addition, Plaintiff has filed at least three civil rights cases that have been dismissed as frivolous, malicious, or failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Thus, it appears that Plaintiff is attempting to circumvent this provision, commonly known as the "three strikes rule," by filing a petition pursuant to § 2254. In any event, the **CLERK** is **DIRECTED** to designate this case as a civil rights action filed pursuant to 42 U.S.C. § 1983 and to properly delineate the parties as "Plaintiff" and "Defendants."

[2] The **CLERK** is **DIRECTED** to change the docket to reflect the above-named Defendants. (See doc. no. 1, p. 1).

commenced the above-captioned case ostensibly pursuant to 28 U.S.C. § 2254. Plaintiff is *pro se* and seeks to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

## I. NATURE OF THE ACTION

The label placed on Plaintiff's filing does not prevent the Court from considering it for what its substance shows it to be. Indeed, the Eleventh Circuit has endorsed the practice of looking beyond the title of a document in order to properly analyze its substance. Cf. Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (*per curiam*) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus); Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

With this in mind, the Court notes that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). More specifically, a § 2254 petition is the proper means for a state prisoner to challenge the validity of his conviction or confinement

on the basis "that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). As mentioned in note 1 above, while Plaintiff briefly mentions the Fourth, Fifth, and Sixth Amendments on one page of his initial filing (see doc. no. 1, p. 7), nowhere does he refer to, or provide any details, about any state court conviction. Rather, the only cases he cites are cases that are pending or have been dismissed in United States District Courts and United States Courts of Appeals. (See id. at 3-5).

As also discussed in note one above, at the same time Plaintiff filed the instant petition, he also filed an action pursuant to, *inter alia*, 42 U.S.C. § 1983. See Murray v. Chatman, CV 109-134 (S.D. Ga. Oct. 29, 2009) (hereinafter "CV 109-134").[3] Notably, Plaintiff attaches the same documents to his complaint in CV 109-134 that he has attached to his petition in the instant case. (See doc. no. 1, pp. 11-23); see also CV 109-134, doc. no. 1, pp. 8-20. The Court is also aware that, as discussed in detail below, Plaintiff has filed at least three civil rights cases that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Thus, it appears that Plaintiff is attempting to circumvent this provision, commonly known as the "three strikes rule," by filing a petition pursuant to § 2254. Thus, the Court construes this case as an action filed pursuant to § 1983 and analyzes it accordingly below.

## II. HISTORY OF THE STATUTE

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

---

[3]This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

3

§§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

### III. DISCUSSION

A.  **Prior Filing History**

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Murray v. Clinton, Civil Case No. 599-464 (M.D. Ga. Dec. 27, 1999) (dismissed as frivolous); (2) Murray v. Clinton, Civil Case No. 599-417 (M.D. Ga. Nov. 4, 1999) (dismissed as frivolous); and (3) Murray v. Clinton, Civil Case No. 195-696 (N.D. Ga. Apr. 7, 1995) (dismissed as frivolous).

---

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

4

In each of these cases, Plaintiff filed a complaint that was dismissed as frivolous. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned case supports a finding of "imminent danger" at the time Plaintiff commenced this action. Indeed, Plaintiff does not allege any facts in his initial filing. Rather, he simply lists various cases that he has purportedly filed and states that his Fourth, Fifth, and Sixth Amendment rights have been violated. (Doc. no. 1, pp. 3-5, 7). Moreover, the exhibits attached to Plaintiff's initial filing mostly consist of a rambling list of legal terms, strung together without any explanation, on various Supreme Court and state court habeas forms.

In sum, Plaintiff does not make any factual allegations that support a finding of "imminent danger" at the time he commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

5

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with his case, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 30th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE